|                          |   |                      |
|--------------------------|---|----------------------|
| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO.  4:17-CR-94(1) |
| | § | |
| ANDREW GREER | § | |

**MEMORANDUM AND ORDER**

Pending before the court is Defendant Andrew Greer's ("Greer") *pro se* Motion for Compassionate Release (#37), wherein he requests that the court reduce his sentence of imprisonment and place him on probation or home confinement pursuant to 18 U.S.C. § 3582(c)(1)(A) due to the death of his wife, the mother of his two children.  The Government opposes the compassionate release motion (#42).  After conducting an investigation, United States Probation and Pretrial Services ("Probation") recommends denying the motion.  Having considered the motion, the Government's response, Probation's recommendation, the record, and the applicable law, the court is of the opinion that the motion should be denied.

I.      Background

On October 4, 2017, Greer pleaded guilty pursuant to a non-binding plea agreement to Count One of the Indictment charging him with Possession of a Stolen Firearm, in violation of 18 U.S.C. §§ 922(j) & 924(a)(2).  On March 29, 2018, the court sentenced Greer to 120 months' imprisonment, to run consecutively with undischarged state sentences, followed by a 3-year term of supervised release.  Greer is currently housed at Federal Correctional Institution Yazoo City-Medium, located in Yazoo City, Mississippi.  His projected release date is December 5, 2027.

III.   Compassionate Release

On December 21, 2018, President Trump signed the First Step Act of 2018 into law. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. The Act, in part, amended 18 U.S.C. § 3582(c), which gives the court discretion, in certain circumstances, to reduce a defendant's term of imprisonment:

> The court, upon motion of the Director of the Bureau of Prisons ("BOP"), or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction; or the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A). This provision is commonly referred to as "compassionate release."

Prior to the First Step Act, only the Director of the BOP could file a motion seeking compassionate release. *See United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020) ("Prior to the passage of the First Step Act . . . courts lacked the power to adjudicate motions for compassionate release."); *Tuozzo v. Shartle*, No. 13-4897, 2014 WL 806450, at *2 (D.N.J. Feb. 27, 2014) (denying petitioner's motion for compassionate release because no motion for his release was filed by the BOP). The First Step Act amended § 3582(c) by providing a defendant the means to appeal the BOP's decision not to file a motion for compassionate release on the defendant's behalf. *United States v. Cantu*, 423 F. Supp. 3d 345, 347 (S.D. Tex. 2019); *United States v. Bell*,

No. 3:93-CR-302-M, 2019 WL 1531859, at *1 (N.D. Tex. Apr. 9, 2019).  The plain language of the statute, however, makes it clear that the court may not grant a defendant's motion for compassionate release unless the defendant has complied with the administrative exhaustion requirement.  18 U.S.C. § 3582(c)(1)(A); *Franco*, 973 F.3d at 467 (holding that the statutory requirement that a defendant file a request with the BOP before filing a motion for compassionate release in federal court "is *not* jurisdictional but that it *is* mandatory"); *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020) ("Even though [the] exhaustion requirement does not implicate [the court's] subject-matter jurisdiction, it remains a mandatory condition."); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he exhaustion requirement . . . presents a glaring roadblock foreclosing compassionate release.").  Thus, before seeking relief from the court, a defendant must first submit a request to the warden of his facility to move for compassionate release on his behalf and then either exhaust his administrative remedies or wait for the lapse of 30 days after the warden received the request.  18 U.S.C. § 3582(c)(1)(A); *Franco*, 973 F.3d at 467 ("The text . . . outlines two routes a defendant's motion can follow to be properly before the court.  Both routes begin with the defendant requesting that 'the [BOP]' 'bring a motion on the defendant's behalf.'"); *United States v. Harris*, 812 F. App'x 106, 107 (3d Cir. 2020); *United States v. Springer*, 820 F. App'x 788, 791 (10th Cir. 2020) (defendant "was required to request that the BOP file a compassionate-release motion on his behalf to initiate his administrative remedies" (citing *Raia*, 954 F.3d at 595)); *Alam*, 960 F.3d at 833-34; *United States v. Soliz*, No. 2:16-190-3, 2020 WL 2500127, at *3 (S.D. Tex. May 14, 2020) ("§ 3582(c)(1)(A) does not provide this Court with the equitable authority to excuse [defendant's] failure to exhaust his

administrative remedies or to waive the 30-day waiting period." (quoting *United States v. Reeves*, No. 18-00294, 2020 WL 1816496, at *2 (W.D. La. Apr. 9, 2020))).

In this situation, Greer submitted a request for compassionate release to his unit team on September 13, 2020, and waited more than 30 days without receiving a response before filing his motion with the court on October 21, 2020. Thus, it appears that Greer has exhausted his administrative remedies. Although Greer may have complied with the exhaustion requirement before filing the current motion, nothing in his motion indicates that extraordinary and compelling reasons exist to reduce his sentence and release him from confinement.

Congress did not define "extraordinary and compelling." Rather, it elected to delegate its authority to the United States Sentencing Commission ("the Commission"). *See* 28 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."); *see also* U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 (U.S. SENTENCING COMM'N 2018) ("USSG"). In Application Note 1 to § 1B1.13 of the USSG, the Commission defined "extraordinary and compelling reasons" to include the following four categories of circumstances: (i) certain medical conditions of the defendant; (ii) the defendant is 65 years or older and meets other requirements; (iii) the defendant's family has specified needs for a caregiver; and (iv) other reasons in the defendant's case that establish an extraordinary and compelling reason. The court must also consider the factors set forth in 18

U.S.C. § 3553(a),[1] as applicable, and find that the sentence modification is consistent with the policy statements issued by the Commission. 18 U.S.C. § 3582(c)(1)(A). The policy statement regarding compassionate release requires a determination that "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

As grounds for relief set forth in his motion, Greer asserts that his wife and mother of his two children, Jennifer Greer Bonilla ("Jennifer"), "was killed as a passenger in a drunk driving accident where both drivers were intoxicated on New Years Eve 2020." Although the USSG acknowledges that extraordinary and compelling reasons may exist with respect to a defendant's family circumstances, it specifies the following qualifying conditions: (i) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or (ii) "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13 cmt. n.1(C)(i)-(ii).

Here, according to Greer's Presentence Report ("PSR"), prepared in 2017, he and Jennifer were married on April 17, 2014. Their marriage produced two daughters, now ages 6 and 4. Probation's investigation discovered through an online record check an obituary for Jennifer, verifying her death on January 1, 2020. Further, Elizabeth Greer ("Mrs. Greer"), Greer's

---

[1] Section 3553(a) directs courts to consider: the nature and circumstances of the offense and the defendant's history and characteristics; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to deter criminal conduct; the need to protect the public; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable USSG provisions and policy statements; any pertinent policy statement of the Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to the victim. 18 U.S.C. § 3553(a).

mother, submitted a letter on his behalf asking the court to consider Greer for compassionate release. Attached to Mrs. Greer's letter is a court document from the 311th Judicial District Court of Harris County, Texas, dated July 27, 2017, entitled Agreed Order on Suit Affecting Parent Child Relationship wherein the court appointed Mrs. Greer as Managing Conservator and appointed Jennifer and Greer as Possessory Conservators of Greer's daughters. Hence, Mrs. Greer had primary custody and was actively involved in the upbringing of Greer's children well before Jennifer's demise in early 2020 and before Greer pleaded guilty to the offense of conviction in October 2017. Mrs. Greer is now the legal guardian of both children. Greer's uncle, J. D. Campbell, submitted a letter to the court in support of Greer in which he noted that he, his mother, his son, and his parents (Greer's grandparents) were all available to assist him. Greer states in his motion that his mother and his in-laws have been battling for custody and visitation with the children. Probation contacted Mrs. Greer, who reported that she is employed as a flight attendant and often uses a babysitting service when she must be away for work purposes. Mrs. Greer expressed an opinion that it would benefit everyone if Greer were released and could assist in caring for and raising his daughters. She added that Greer's oldest child has experienced a great deal of emotional stress due to the absence of both parents.

Nevertheless, under these circumstances, Greer cannot claim he is the only available caregiver for his minor children. *See United States v. Jackson,* No. CR 6:17-73-HMH, 2020 WL 6110998, at *2 (D.S.C. Oct. 16, 2020) (denying compassionate release for family circumstances where the caregiver of the defendant's minor children passed away but the children were being cared for by a relative); *see also United States v. Watson*, No. 6:16-CR-06118 EAW, 2020 WL 6049710, at *2 (W.D.N.Y. Oct. 13, 2020) ("While the Court does not doubt that Defendant's

incarceration is difficult for his family, and likely even more difficult during this pandemic, the situation described by Defendant [and his mother] does not rise to the level of 'extraordinary and compelling' circumstances so as to justify a sentence reduction."). Thus, Greer fails to meet the requirements for family circumstances that establish extraordinary and compelling reasons.

In any event, "compassionate release is discretionary, not mandatory, and [may] be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Where, as here, a prisoner has engaged in "severe" criminal conduct and has an extensive criminal history, the district court has discretion to deny compassionate release after weighing the evidence. *Id.* at 693-94. Moreover, granting Greer compassionate release would fail to provide just punishment for his offense and promote respect for the law. In *Chambliss*, the United States Court of Appeals for the Fifth Circuit found that the district court did not abuse its discretion in denying compassionate release to a defendant due to the defendant's not yet having served a sufficient portion of his sentence. *Id.* at 694. The district court determined that the defendant's terminal illness "constitut[ed] 'an extraordinary and compelling reason for a sentence reduction' and that he '[did] not present a danger upon release,'" but denied release because "releasing [the defendant] after serving only 14 years of a 30-year sentence minimizes both the impact of [the defendant's] crime and seriousness of the offense." *Id.* at 693-94. "Moreover, the [district] court, citing the § 3553(a) factors, determined that requiring [the defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct.'" *Id*. In the instant case, releasing Greer after he has served only 18 months (17% according to the Government) of his 120-

7

month sentence would similarly minimize the impact of his crime and the seriousness of his offense.

The court further finds that compassionate release is not warranted in light of the applicable factors set forth in § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A) (requiring courts to consider the § 3553(a) factors before granting compassionate release); *Chambliss*, 948 F.3d at 693-94. The nature and circumstances of Greer's offense of conviction entail his possession of a stolen firearm along with four other firearms while a convicted felon. The conduct underlying the conviction includes Greer's selling narcotics out of his home, which he shared with his now-deceased wife and children. During the execution of a search warrant at his residence, officers discovered a variety of drugs (marijuana, cocaine, MDMA, THC extract, and promethazine with codeine), a loaded handgun that had been stolen from a vehicle, two loaded shotguns, one of which was a sawed-off shotgun, two other loaded handguns, ammunition, digital scales, drug paraphernalia, and $4,027 in United States currency.

Greer is now age 26, but his criminal history began at age 14 and includes prior convictions for theft, deadly conduct, possession of marijuana, possession of a controlled substance, and two instances of unlawfully carrying a weapon in 2016. Probation's report underscores the fact that Greer's criminal history includes episodes of violence, namely a conviction for deadly conduct, where he was involved in a drive-by shooting in which he was the driver and suspected shooter, and a prior arrest for aggravated assault, which was not pursued when he was adjudicated in another case. Greer also has a history of substance abuse and mental health problems. Most significantly, the Government notes that Greer, in 2016, was referred by Child Protective Services for individual outpatient treatment to "cover his addiction to illegal

substances (and) the impact his drug use can and has had on his daughters' well-being." He was unsuccessfully discharged from the program due to a lack of attendance and non-compliance with program requirements. Further, Probation contacted the BOP who disclosed that Greer has a high risk score and confirmed he has served only approximately 16% of his sentence. Under the circumstances, the court cannot conclude that Greer would not pose a danger to the safety of any other person or to the community, including his minor daughters, if released from confinement.

Therefore, Greer has failed to demonstrate the existence of extraordinary and compelling reasons warranting his release from prison at this time.

IV.    Conclusion

Consistent with the foregoing analysis, Greer's Motion for Compassionate Release (#37) is DENIED.

SIGNED at Beaumont, Texas, this 24th day of November, 2020.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE