| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

UNITED STATES OF AMERICA §
§
*versus* § CASE NO. 4:17-CR-94(1)
§
ANDREW GREER §

## MEMORANDUM AND ORDER

Pending before the court is Defendant Andrew Greer's ("Greer") *pro se* letter[1] (#45), which the court construes as a request for reconsideration, wherein he requests that the court reconsider its November 24, 2020, Order (#43) denying his initial motion (# 37) for compassionate release or home confinement. Having considered the motion, the record, and the applicable law, the court is of the opinion that the motion should be denied.

In the instant motion, Greer reasserts his previously disclosed family circumstance as the basis for compassionate release and relies on his post-sentence rehabilitation. Greer presents no evidence that there has been a change in his family circumstance. Greer further maintains that his post-sentence rehabilitation, evidenced by a list of courses and programs he has completed, establishes extraordinary and compelling reasons for compassionate release.

---

[1] "A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *accord Bourne v. Gunnels*, 921 F.3d 484, 490 (5th Cir. 2019) ("filings of a *pro se* litigant are 'to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"); *Thorn v. McGary*, 684 F. App'x 430, 432 n.2 (5th Cir. 2017) ("We liberally construe briefs of pro se litigants."). Because a *pro se* litigant's motion is not always what it purports to be, a court may sometimes recharacterize a motion that is labeled differently. *See United States v. Elam*, 930 F.3d 406, 409 (5th Cir. 2019) (citing *Castro v. United States*, 540 U.S. 375, 377 (2003)); *Hopes v. Davis*, 761 F. App'x 307, 309 (5th Cir. 2019); *United States v. Bledsoe*, 548 F. App'x 124, 124 (5th Cir. 2013) ("[I]t is the essence of a pro se prisoner's pleading, rather than the label attached to it, that controls how that pleading is characterized." (citing *United States v. Santora*, 711 F.2d 41, 42 n.1 (5th Cir. 1983))). The court's decision to recharacterize a motion is discretionary. *Elam*, 930 F.3d at 409 (citing *Santora*, 711 F.2d at 42).

While the court may consider rehabilitation efforts, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3; *accord* 28 U.S.C. § 994(t); *see United States v. Brooker*, 976 F.3d 228, 237-38 (2d Cir. 2020) (holding that a district court's discretion in sentencing is broad; however, there is a "statutory limit on what a court may consider to be extraordinary and compelling . . . [and] '[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason.'" (quoting 28 U.S.C. § 994(t))); *United States v. Hudec,* No. CR 4:91-1-1, 2020 WL 4925675, at *5 (S.D. Tex. Aug. 19, 2020) ("While the Court is permitted to consider post-sentencing rehabilitation in determining whether to grant an eligible defendant a sentence reduction, it is not authorized to grant a reduction based upon post-sentencing rehabilitation alone.").

Thus, Greer does not assert any novel legal arguments, present any new bases for relief, raise any substantial factual or legal issues warranting relief, or demonstrate that he would not pose a risk to society, if released. For the aforementioned reasons, Greer's *pro se* letter requesting reconsideration (#45) is denied.

SIGNED at Beaumont, Texas, this 13th day of January, 2021.

                                              _____
                                              MARCIA A. CRONE
                                              UNITED STATES DISTRICT JUDGE