## UNITED STATES DISTRICT COURT      EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 4:17-CR-94(1) |
| | § | |
| ANDREW GREER | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Andrew Greer's ("Greer") *pro se* letter (#47), which the court construes as a second request for reconsideration, wherein he asks that the court reconsider its November 24, 2020, Order (#43) denying his initial motion (# 37) for compassionate release or home confinement. Greer filed a Motion for Reconsideration on January 4, 2021 (#44). The court denied his first request for reconsideration by Order dated January 13, 2021 (#46). Greer further challenges his conviction, alleging that he lacked knowledge that one of the firearms he possessed was stolen, and contests his consecutive sentence. Greer also attacks the effectiveness of his counsel. United States Pretrial and Probation Services ("Probation") submitted an updated report, which recommends the denial of Greer's renewed motion. The Government also filed a supplemental response in opposition (#52). Having considered the motion, Probation's recommendation, the Government's response, the record, and the applicable law, the court is of the opinion that the motion should be denied.

In the instant motion, Greer again reasserts his previously disclosed family circumstances as the basis for compassionate release but does not present any new bases for relief, assert any novel legal arguments, raise any substantial factual or legal issues warranting relief, establish that he would not pose a danger to society if released, or otherwise demonstrate that compassionate release is warranted.

When a defendant moves for compassionate release he must establish three criteria. *United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021). First, he must meet one of two conditions listed in § 3582(c)(1)(A)—either the defendant has extraordinary and compelling reasons that warrant a reduction under 18 U.S.C. § 3582(c)(1)(A)(i) or the defendant is at least 70 years of age, has served at least 30 years in prison, and meets the additional requirements of 18 U.S.C. § 3582(c)(1)(A)(ii). *Id.* at 391. Second, the defendant "must show that compassionate release is consistent with the applicable policy statements from the [United States Sentencing Commission ("Commission")]." *Id.* at 392. Third, the defendant "must convince the district judge to exercise discretion to grant the motion after considering the § 3553(a) factors."[1] *Id.*; *accord United States v. Keys*, 846 F. App'x 275, 276 (5th Cir.2021); *United States v. Cooper*, 996 F.3d 286, 287 (5th Cir. 2021).

Section 3582 (c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. Rather, Congress elected to delegate its authority to the Commission. *See* 28 U.S.C. § 994(t) (directing the Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples"); *Cooper*, 996 F.3d at 287; *Shkambi*, 993 F.3d at 392. Prior to the passage of the First Step Act, the Commission issued a policy statement set forth in

---

[1] Section 3553(a) directs courts to consider: the nature and circumstances of the offense and the defendant's history and characteristics; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to deter criminal conduct; the need to protect the public; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable United States Sentencing Guideline ("U.S.S.G.") provisions and policy statements; any pertinent policy statement of the Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to the victim. 18 U.S.C. § 3553(a).

U.S.S.G. § 1B1.13, which, along with its commentary, describes what reasons qualify as extraordinary and compelling.[2] However, § 1B1.13 references only motions filed by "the Director of the Bureau of Prison [("BOP")] "—not an individual defendant.[3] Consequently, the Fifth Circuit has held that when a defendant files a motion for compassionate release on his own behalf, the Commission's policy statement in § 1B1.13 is not applicable because that policy statement governs only motions filed by the Director of the BOP. *Cooper*, 996 F.3d at 287; *Shkambi*, 993 F.3d at 392. Nevertheless, while recognizing that they are not binding, the court finds that the Commission's policy statement contained in § 1B1.13 and the commentary thereto inform its analysis as to what reasons may be deemed sufficiently extraordinary and compelling to warrant compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to § 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (upholding denial of compassionate release and recognizing that the court was guided in its analysis by the commentary to U.S.S.G. § 1B1.13).

---

[2] In Application Note 1 to § 1B1.13 of the U.S.S.G., the Commission defined "extraordinary and compelling reasons" to include the following four categories of circumstances: (i) certain medical conditions of the defendant; (ii) the defendant is 65 years or older and meets other requirements; (iii) the defendant's family has specified needs for a caregiver; and (iv) other reasons in the defendant's case that establish an extraordinary and compelling reason. U.S.S.G. § 1B1.13 cmt. n.1.

[3] U.S.S.G. § 1B1.13 was last amended on November 1, 2018. The Commission has, to date, been unable to amend § 1B1.13 to incorporate the changes wrought by the First Step Act due to the lack of a quorum. The Commission consists of seven voting members and, per statute, requires four members for a quorum to amend the guidelines. 28 U.S.C. §§ 991(a), 994(a). At present, the Commission has only one voting member.

The U.S.S.G. acknowledges that extraordinary and compelling reasons may exist with respect to a defendant's family circumstances under the following conditions: (i) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or (ii) "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13 cmt. n.1(C)(i)-(ii).

While the U.S.S.G. does not provide a definition of "incapacitation," "[f]or guidance [on what constitutes] 'incapacitation,' courts look to the BOP's non-binding Program Statement for processing compassionate release requests." *United States v. White*, No. CR16-40, 2021 WL 1721016, at *4 (E.D. La. Apr. 30, 2021); *United States v. Bolden*, No. 16-320, 2020 WL 4286820, at *4 (W.D. Wash. July 27, 2020) (consulting the BOP's relevant Program Statement for guidance); *United States v. Doolittle*, No. 19-501, 2020 WL 4188160, at *2 (D.N.J. July 21, 2020) (same); *United States v. Collins*, No. 15-10188, 2020 WL 136859, at *4 n.13 (D. Kan. Jan. 13, 2020) (noting that although the Program Statement is specifically meant for use by the BOP, it "provide[s] guidance for courts as well"). BOP Program Statement number 5050.50, entitled Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g), defines incapacitation of a family member caregiver as: "[A] family member caregiver [who] suffered a severe injury (*e.g.*, auto accident) or suffers from a severe illness (*e.g.*, cancer) that renders the caregiver incapable of caring for the child." U.S. DEP'T OF JUST., FED. BUREAU OF PRISONS, PROGRAM STATEMENT 5050.50 (Jan. 17, 2019); *White*, 2021 WL 1721016, at *4.

As noted in the court's prior order, Greer did not have primary custody of his children before pleading guilty to the instant offense. Greer had only possessory conservatorship. Moreover, the instant offense entailed Greer's selling narcotics out of his home, which he shared with his now-deceased wife and children, where he also possessed five, loaded firearms along with ammunition and drug paraphernalia. Additionally, as the court addressed in its previous order, in 2016, Greer was referred by Child Protective Services ("CPS") for individual outpatient treatment to "cover his addiction to illegal substances (and) the impact his drug use can and has had on his daughters' well-being." Furthermore, Greer was unsuccessfully discharged from the program due to his lack of attendance and non-compliance with program requirements.

Greer now claims that his mother, who is a flight attendant and has primary custody of his children, leaves the country—specifically her travels take her to South America and Africa (from which the newer deadlier variants of COVID are coming) for days at a time, and thus, leaves Greer's children in the care of neighbors and/or family friends. Greer also claims that his mother suffers from various health issues, including limited mobility due to multiple surgeries on her hand and knee. Additionally, Greer contends that his in-laws live over 250 miles away and are not able to make a 4-hour drive to Houston and they are non-citizens of the United States and their work permits could be revoked at any time. Greer further contends that CPS is currently investigating his in-laws for medical neglect regarding alleged burns on his 6-year-old daughter's buttocks.

In its response, the Government notes that Greer fails to provide any new evidence that it would be in the best interest of his children for him to raise them. The court agrees. Probation's investigation confirms that CPS conducted an investigation into the matters alleged in Greer's motion. According to Probation, with respect to the maternal grandparents, CPS had reason to

believe that they failed to seek medical attention for their granddaughter when they waited over 48-hours to seek medical treatment when the 6-year-old had burn injuries. CPS, nonetheless, determined that the grandchildren will remain with the maternal grandparents for a few months. With regard to the paternal grandparent, Greer's mother, CPS commented that she cleared up her "borderline hoarding problem"; however, the children will remain with the maternal grandparents for the next couple of months to enable her time to clean up her home before they return. CPS informed Probation that both the maternal grandparents and paternal grandparent are currently seeking legal custody of the grandchildren.

In support of Greer's motion, his maternal aunt wrote a character letter advocating on behalf of Greer. She seems willing and able to provide support to him and his children. Therefore, it appears that Greer's extended family is capable of caring for his children and neither the paternal grandparent nor the maternal grandparents are incapacitated. *See United States v. Silverlight*, No. 4:12-CR-201-YGR, 2021 WL 1736864, at *3 (N.D. Cal. May 3, 2021) (holding that the defendant's arguments for "release to care for members of her family [including her minor children] do not rise to the level of 'extraordinary and compelling' circumstances warranting reduction of her sentence"); *White*, 2021 WL 1721016, at *4 (denying compassionate release despite the defendant's daughter being under his sole legal custody because the defendant failed to demonstrate that his daughter's current caregiver, his mother, whom he claimed was battling cancer, was incapacitated); *United States v. Alvarez*, No. CR 2:18-298, 2021 WL 1270494, at *4 (S.D. Tex. Apr. 6, 2021) (denying compassionate release on the basis of family circumstances, where the defendant was managing conservator of his 12-year-old daughter but failed to offer any

evidence in support of his claim that his parents are incapacitated, or that he has no other family member capable of caring for his daughter").

Moreover, there is no guarantee that Greer would gain custody of his children even if he were released from prison. *See United States v. Reeves*, No. 3:18-CR-0313-B-2, 2020 WL 5094825, at *3 (N.D. Tex. Aug. 28, 2020) (finding that the defendant was not the only available caregiver where the defendant's child was placed with family members, the process for the child's long-term placement with another family had begun, and "there [was] no guarantee" that the child would be placed with the defendant if he were to get out of prison); *see also United States v. Johnson*, No. 1:15-CR-00059-NONE, 2020 WL 6075867, at *5 (E.D. Cal. Oct. 15, 2020) (holding that, although the defendant's child may be in juvenile dependency proceedings due to the unfitness of the other parent, compassionate release was not warranted because the defendant "failed to establish that he is likely to be found a 'suitable caretaker' for his child by the governing authorities" (quoting *United States v. Paul*, No. 3:18-cr-00227, 2020 WL 5807343 (S.D. W.Va. Sept. 25, 2020))). Hence, Greer's family circumstances do not amount to extraordinary and compelling reasons warranting his early release from prison.

The court also notes that, according to Probation, Greer has served approximately 22% of his 120-month sentence of imprisonment for possessing a stolen firearm, along with four other firearms. Probation's investigation reflects that Greer has been assessed as having a high-risk recidivism level. It is well settled that "compassionate release is discretionary, not mandatory." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Where, as here, a prisoner has engaged in "severe" criminal conduct, the district court has discretion to deny compassionate release after weighing the evidence. *Id.* at 693-94; *accord Keys*, 846 F. App'x at 276 (finding that

the defendant's argument that the court gave too much weight to his criminal history, "amount[ed] to a mere disagreement with the court's balancing of the § 3553(a) factors, which is not a sufficient ground for reversal"). In exercising its discretion, the court finds that Greer has failed to establish that family circumstances exist that would constitute extraordinary and compelling reasons to release him from prison.

Additionally, Greer alleges that he lacked knowledge that one of the firearms he possessed was stolen and attacks his consecutive sentence. With regard to his purported lack of knowledge regarding the stolen firearm, this contention is contrary to the facts set forth in the factual basis underlying his guilty plea that he signed on September 19, 2017. In the factual basis, Greer stipulated that he knew that the Glock, 9mm Handgun, Model 43 Gen 4, Serial Number BABS84, was stolen at the time he took possession of the firearm. Moreover, Greer was afforded the opportunity to object to the 2-point enhancement for the stolen firearm at sentencing, but he failed to do so.

With regard to his consecutive sentence challenge, Greer's argument constitutes nothing more than an attempt to revisit determinations made years ago at the time of his sentencing in March 2018. The court sentenced Greer in accordance with Probation's well-reasoned recommendation:

> Andrew Greer stands before the Court for sentencing for Possession of a Stolen Firearm. Although the offense of conviction involves his possession of a stolen pistol, the defendant's conduct included his unlawful possession of five firearms, including a short-barreled shotgun; ammunition; drug paraphernalia; and various drugs, including cocaine, promethazine with codeine, marijuana, THC, and 3,4 MDMA. The defendant was on bond for felony offenses of Deadly Conduct, Possession of Marijuana, and Possession of a Controlled Substance, and he was on bond for two misdemeanor offenses of Unlawfully Carrying a Weapon when he committed the instant federal offense. A 100-month term of imprisonment,

imposed to run consecutively to his current unrelated, undischarged state terms of imprisonment, will provide just punishment and promote respect for the law.

Greer did not appeal his conviction or sentence, which became final when the deadline for filing an appeal expired in April 2019. It has long been recognized that "[t]he principle of finality . . . is essential to the operation of our criminal justice system." *Teague v. Lane*, 489 U.S. 288, 309 (1989). Indeed, as the Supreme Court has observed, "[a] final judgment commands respect." *United States v. Frady*, 456 U.S. 152, 165 (1982). Appreciating the importance of finality, Justice Harlan stated in his concurring opinion in *Mackey v. United States*:

> No one, not criminal defendants, not the judicial system, not society as a whole is benefited by a judgment providing that a man shall tentatively go to jail today, but tomorrow and every day thereafter his continued incarceration shall be subject to fresh litigation.

401 U.S. 667, 691 (1971). This principle of finality forecloses Greer's current endeavor to circumvent the limitations on post-conviction relief by challenging determinations made at sentencing under the guise of a compassionate release motion. In short, Greer has not presented any extraordinary and compelling reasons meriting a reduction of his sentence.

To the extent that Greer attempts to challenge the effectiveness of his counsel, he previously filed a petition for a writ of habeas corpus raising this issue. On June 21, 2021, the court adopted Judge Nowak's Report and Recommendation (#11) denying him relief and entered Final Judgment (#12). *See* Civil Action No. 4:21-CV-157. The court denied Greer's application under 28 U.S.C. § 2255 as well as a certificate of appealability because his motion was untimely and he failed to pursue his rights diligently. Hence, Greer's challenge to the effectiveness of his counsel has already been rejected in another proceeding and cannot be reasserted here.

Accordingly, Greer's renewed motion for reconsideration (#47) is DENIED. Greer is advised that the court will not consider yet another motion for reconsideration unless he shows a significant change in circumstances and obtains leave of court before filing it.

SIGNED at Beaumont, Texas, this 25th day of June, 2021.

*Marcia A. Crone*

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE