| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| *versus* | §    CASE NO. 4:17-CR-94(1) |
| | § |
| ANDREW GREER | § |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Andrew Greer's ("Greer") Motion to Reconsider (#64), wherein he once again requests that the court reconsider its November 24, 2020, Order (#43) denying his initial motion (#37) for compassionate release or home confinement. Greer filed his first Motion for Reconsideration on January 4, 2021 (#44), and the court denied that request by Order dated January 13, 2021 (#46). Greer filed a second Motion for Reconsideration on February 1, 2021 (#47), which the court denied by Order dated June 28, 2021 (#58). Greer further challenges his conviction, alleging that the statute under which he was convicted—18 U.S.C. § 922(j)—is now considered unconstitutional. He also contends that he has been penalized more severely than "numerous people" with similar criminal histories convicted of other firearms violations and states that he wishes to go home to care for his children. Having considered the motion, the record, and the applicable law, the court is of the opinion that the motion should be denied.

In the pending motion, Greer takes issue with his conviction for possession of a stolen firearm, in violation of 18 U.S.C. § 922(j). Greer cites *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, ___ U.S. ___, 142 S. Ct. 2111 (2022) and *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023), *cert. granted* (No. 22-915), 2023 WL 4278450 (U.S. June 30, 2023) to support his contention that "he was convicted and sentenced under a statute that is now considered

unconstitutional." Other than these two citations, however, Greer offers no support for his tenuous position. The court is not aware of any court that has found § 922(j) to be unconstitutional in *Bruen*'s wake. To the contrary, at least two district courts have recently held § 922(j) to be constitutional. *United States v. Lewis*, No. CR 22-0222-WS, 2023 WL 4604563, at *17-19 (S.D. Ala. July 18, 2023); *United States v. Gore*, No. 2:23-CR-04, 2023 WL 2141032, at *4 (S.D. Ohio Feb. 21, 2023). Accordingly, § 922(j) is not "now considered unconstitutional."

In any event, to the extent Greer contends that § 922(j) should be held unconstitutional, his stance is unsupported by authority and sound reasoning. In *Bruen*, the United States Supreme Court set out a new framework by which to analyze constitutional challenges lodged under the Second Amendment. Courts must first determine whether the "plain text" of the Second Amendment covers the regulated conduct. *Bruen*, 142 S. Ct. at 2129-30. If the text covers that conduct, then the challenged regulation must be "consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2130.

Section 922(j) states that "[i]t shall be unlawful for any person to receive, possess, conceal, store, barter, sell, or dispose of any stolen firearm . . . knowing or having reasonable cause to believe that the firearm . . . was stolen." 18 U.S.C. § 922(j). In his motion, Greer claims, "Although I didn't steal the firearm personally, I purchased the firearm for much cheaper than retail price and had reason to suspect it was not sold by the rightful owner based on the price I paid." Because Greer[1] and possessors of stolen firearms in general[2] appear to be part of "the

---

[1] Greer asserts that, at the time of his indictment, he "was not a [c]onvicted felon" and "was most certainly protected, as one of 'The People' whose right to bear and [k]eep firearms shall not be infringed, under the [Second] Amendment at the time of [his] arrest." The record reveals that, although he was on bond for various offenses at the time of his indictment, Greer had not yet been convicted of a crime punishable by imprisonment for a term exceeding one year. Thus, he arguably was not part of a group that has "historically been stripped of their Second Amendment rights." *See Rahimi*, 61 F.4th at 452; *see*

people" to whom the Second Amendment's protection extends, § 922(j)'s constitutionality turns on whether it is consistent with this Nation's historical tradition of firearms regulation. Such a prohibition, however, seems to be firmly rooted in this Nation's history. To date, courts have reviewed numerous "state laws enacted between 1730 and 1833,"[3] *Lewis*, 2023 WL 4604563, at *4 (quoting *Gore*, 2023 WL 2141032, at *4 & n.1), and "a slew of antebellum statutes to the same effect," "that prohibited the purchase or receipt of stolen goods, chattel, and other effects" without providing any exemption for firearms.[4] *Id.* (internal quotation marks omitted). Consequently, Greer's contention that § 922(j) is now deemed unconstitutional is unfounded and provides no grounds for compassionate release.

---

*also* 18 U.S.C. § 922(g)(1).

[2] It seems that gun thieves, as well as other individuals who knowingly possess stolen firearms, are part of "the people." "Section 922(j) burdens the right of such persons and their knowing successors in possession to keep and bear arms, since it penalizes the possession of a particular type of firearm (one the possessor knows or should know is stolen)." *Lewis*, 2023 WL 4604563, at *18. Moreover, it appears that any argument antithetical to this conclusion would crash headlong into this circuit's current position that the Supreme Court's use of "law-abiding, responsible citizens" is used as "shorthand" to explain that only those individuals who "have historically been stripped of their Second Amendment rights" are excluded from the Second Amendment's protection. *See Rahimi*, 61 F.4th at 452; *accord Lewis*, 2023 WL 4604563, at *4 (rejecting the Government's argument that "the plain text of the Second Amendment limits its reach to 'law-abiding citizens,'" but, "[b]ecause it is against the law to . . . knowingly possess stolen property[,] . . . the defendant is not a law-abiding citizen" and is "not among 'the people' to whom the Second Amendment applies . . . .").

[3] *See Gore*, 2023 WL 2141032, at *4 n.1 (citing Acts and Laws of His Majesty's Province of New-Hampshire: In New England 39-40 (1771) (1714 law); 4 The Statutes at Large; Being a Collection of All the Laws of Virginia from the First Session of the Legislature, in the Year 1619, at 273 (1820) (1730 law); 2 Laws of the State of New York Passed at the Sessions of the Legislature Held in the Year 1785, 1786, 1787 and 1788, Inclusive 668 (1788 law)).

[4] *See Lewis*, 2023 WL 4604563, at *18 (noting that the Government relied on the statutes at issue in *Wright v. State*, 13 Tenn. 154, 156 (Tenn. 1833); *People v. Wiley*, 3 Hill 194, 203 (N.Y. Sup. Ct. 1842); *Jones v. State*, 14 Ind. 346, 347 (Ind. 1860); and *State v. Smith*, 37 Mo. 58, 63 (Mo. 1865)).

Next, Greer complains that he has been penalized more severely than other individuals, particularly individuals "with worse criminal history" who are felons and have been convicted of violating 18 U.S.C. § 922(g). Greer, however, loses sight of the circumstances surrounding his offense of conviction. Had Greer's conviction involved only a § 922(j) violation, his base offense level would have been 12. U.S. Sent'g Guidelines Manual § 2K2.1(a)(7) [hereinafter U.S.S.G.]. With Greer's criminal history category of IV, his Guidelines range would have been 21 to 27 months. Greer's offense, however, also entailed his possession of a short-barreled shotgun, in violation of 26 U.S.C. § 5861(d), increasing his base offense level to 20. U.S.S.G. § 2K2.1(a)(4)(B). Greer received additional adjustments to his base offense level for his specific offense characteristics of unlawfully possessing five firearms, *id*. § 2K2.1(b)(1)(a) (a two-level increase), possessing a short-barreled shotgun,[5] *id*. § 2K2.1(b)(3)(B) (a two-level increase), possessing a stolen firearm,[6] *id*. § 2K2.1(b)(4)(A) (a two-level increase), and possessing controlled substances, including marijuana, cocaine, and MDMA, *id*. § 2K2.1(b)(6)(B) (a four-level increase). With a three-level reduction for acceptance of responsibility, his total offense level was calculated as 27, *id*. § 3E1.1(a)-(b), and his Guidelines range was 100 to 120 months' imprisonment.[7] The characteristics of Greer's offense, combined with his significant criminal

---

[5] *See* U.S.S.G. § 2K2.1 cmt. (n.7) ("A defendant whose offense involves a destructive device receives both the base offense level from the subsection applicable to a firearm listed in 26 U.S.C. § 5845(a) (e.g., subsection . . . (a)(4)(B) . . . ), and the applicable enhancement under subsection (b)(3).").

[6] *See* U.S.S.G. § 2K2.1 cmt. (n.8(A)) ("If the only offense to which § 2K2.1 applies is 18 U.S.C. § 922 . . . (j) . . . and the base offense level is determined under subsection (a)(7), do not apply the enhancement in subsection (b)(4)(A)." If, however, the base offense level is determined under subsection (a)(4)(b), the enhancement should be applied.).

[7] Based upon Greer's total offense level of 27 and his criminal history category of IV, his Guidelines range was 100 to 125 months. The statutorily authorized maximum sentence, however, is only

4

history,[8] warranted his sentence of 120 months' imprisonment. Consequently, certain individuals convicted of only a § 922(g) violation face shorter terms of imprisonment than Greer. Such individuals, with a criminal history category of IV like Greer, would face a Guidelines range of 51 to 63 months. Thus, Greer's complaint as to the length of his sentence provides no basis for relief.

Finally, Greer again expresses his desire to return home and care for his two children. Greer previously requested compassionate release on this basis, and the court determined that he did not demonstrate that he was his children's only available caregiver. In this motion, he does not contend that his family circumstances have changed. At any rate, Greer's desire to care for his children does not constitute an extraordinary and compelling reason warranting compassionate release. *See United States v. Degante*, No. 4:17-CR-075, 2022 WL 2813716, at *5 (E.D. Tex. July 18, 2022) (holding that the defendant's "wish to provide love and financial support for his children does not amount to 'extraordinary and compelling' reasons"); *United States v. Silverlight*, No. 4:12-CR-201-YGR, 2021 WL 1736864, at *3 (N.D. Cal. May 3, 2021) (holding that defendant's arguments for "release to care for members of her family including her minor children do not rise to the level of 'extraordinary and compelling' circumstances warranting reduction of her sentence").

---

10 years. 18 U.S.C. § 924(a)(2). Thus, his Guidelines range was capped at 120 months. U.S.S.G. § 5G1.1(c)(1).

[8] By the time Greer was sentenced, his criminal history included prior convictions for theft, deadly conduct (including his involvement in a drive-by shooting in which he was the driver as well as the suspected shooter), possession of marijuana, possession of a controlled substance, and unlawfully carrying a weapon. He also has a history of substance abuse and mental health problems.

Hence, Greer is again unable to show that his early release from prison is warranted. Therefore, Greer's Motion to Reconsider (#64) is DENIED. Greer is cautioned that the court will not consider another motion for reconsideration unless he can show a significant change in circumstances.

SIGNED at Beaumont, Texas, this 24th day of July, 2023.

*Marcia A. Crone*

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE
